**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DONALD ANSON,

                    **Plaintiff,**

         **-v-**                          **06CV-0394A(Sr)**

Brenda Bailey, M.D., et al.,

                    **Defendants**

## DECISION AND ORDER

        Pursuant to 28 U.S.C. § 636(c), the parties have consented to the

assignment of this case to the undersigned to conduct all proceedings in this case,

including the entry of final judgment.  Dkt. #20.

        Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 against

Brenda Bailey, M.D., Captain Yvonne Anthony, Lieutenant Deborah Doody and Captain

Richard Lawson alleging denial of adequate medical treatment during his confinement

as a pre-trial detainee at the Buffalo Federal Detention Facility following an injury to his

shoulder on April 13, 2005.  Dkt. #1.[1]  Because plaintiff named federal officers as

---

[1]  Plaintiff has commenced a separate lawsuit against the United States claiming that he injured his shoulder as he attempted to climb over a seat, as directed by the United States Marshal, to enter the van being used to transport him from the Buffalo Federal Detention Center to the United States District Court in Rochester, New York.  *See* 07-CV-35.

defendants, the Court construed his complaint as an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971).[2]

Currently before the Court is defendant's motion to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that the defendants are commissioned officers and employees of the Public Health Service and are absolutely immune from suit for claims related to the performance of medical or related functions.  Dkt. #7.  For the following reasons, defendants' motion is granted.

## DISCUSSION AND ANALYSIS

Fed. R. Civ. P. 12(b)(1) Standard

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the Court lacks the statutory or constitutional power to adjudicate it.  *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.  *Id.*  In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings.  *Id*.  However, the Court "must accept as true all material allegations in the complaint" and interpret a plaintiff's *pro se* complaint "to raise the strongest arguments" that the allegations suggest.  *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

---

[2] Generally speaking, "a *Bivens* action is the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006). "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  *Id.*

<u>Official Capacity</u>

Plaintiff's pro se complaint names the defendants in both their individual and official capacities.  Dkt. #1.  However, a *Bivens* action "must be brought against the federal officers involved in their individual capacities." *Robinson v. Overseas Military Sales Corp*., 21 F.3d 502, 510 (2d Cir. 1994) ( "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity unless such immunity is waived.").  As a result,  this court lacks subject matter jurisdiction over plaintiff's claims against these defendants in their official capacities.  *Id.*


<u>Public Health Service Act</u>

Section 233(a) of the Public Health Service Act, 42 U.S.C. § 233(a), "makes the Federal Tort Claims Act the exclusive remedy for specified actions against members of the Public Health Service."  *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000).  This statute "protects commissioned officers or employees of the Public Health Service from being subject to suit while performing medical and similar functions by requiring that such lawsuits be brought against the United States instead."  *Id.* at 108. "The United States thus in effect insures designated public health officials by standing in their place financially when they are sued for the performance of their medical duties."  *Id.*


Richard G. Bergeron, Senior Attorney in the General Law Division of the Office of the General Counsel for the Department of Health and Human Services

declares that each of the defendants were "employees or officers of the Public Health Service at the time of the events alleged" in plaintiff's complaint.  Dkt. #10, ¶ 5. Plaintiff's complaint alleges that each of these defendants denied him adequate medical treatment for his shoulder injury.  Dkt. #1.  As a result, plaintiff's sole remedy is an action against the United States pursuant to the Federal Tort Claims Act.  *See Carlson v. Green*, 446 U.S. 14, 20 (1980) (citing 42 U.S.C. § 233(a) as an example of Congress explicitly stating its intention to make the Federal Tort Claims Act an exclusive remedy).  Accordingly, defendants' motion to dismiss this action against them in their individual capacities for lack of subject matter jurisdiction is granted.

Federal Tort Claims Act

        "In 1946, Congress adopted the FTCA which, subject to numerous exceptions, waives the sovereign immunity of the federal government for claims based on the negligence of its employees."  *Coulthurst v. United States*, 214 F.3d 106, 108 (2d Cir. 2000).  Specifically, the Federal Tort Claims Act authorizes suits against the government to recover damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  However, it would be futile to substitute the United States as a defendant in the instant action because plaintiff commenced this action before he exhausted his administrative remedies.

-4-

The Federal Tort Claims Act "requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).  Specifically, 28 U.S.C. § 2675(a) provides that

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

"This requirement is jurisdictional and cannot be waived."  *Celestine*, 403 F.3d at 82.

In addition, 28 U.S.C. § 2401(b) provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

"Unless a plaintiff complies with that requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim."  *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999).   For purposes of both statutes, "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for

money damages in a sum certain for injury to or loss of property, personal injury, or death

alleged to have occurred by reason of the incident . . . ."  28 C.F.R. § 14.2.


Mr. Bergeron declares that a search of the computerized database of

administrative claims filed with the Department of Health and Human Services reveals no

claims filed on plaintiff's behalf.  Dkt. #10, ¶ 4.


Plaintiff's memorandum of law claims that he "did fill out and send three

[SF-95] Forms."  Dkt. #18, p.4.  Specifically, plaintiff states that he

> requested information on who, or which agency, to send such
> form too [sic].  I made this request through 'Detainee Request
> to Medical Dept. Administrator' and via 'Sick Call Slip' to
> medical.  After receiving no reply to either request, I sent (2)
> two SF-95 forms to the head of the Medical Dept.
> (Administrator) – one via U.S. first class mail with postage
> affixed and one via inter facility mail.  I also sent one copy to
> the address posted in the medical dept. and in the housing
> unit to which complaints were to be sent in regard to
> problems with the medical service.  With each SF-95 Form I
> sent a letter explaining that I did not know, nor could I find
> out, where to send the SF-95 Forms.  I also asked that either
> the medical dept., or the address for complaints, forward the
> SF-95 to the proper address or reply with information
> available to direct me to the proper agency.

Dkt. #18, pp.4-5.  Subsequently, plaintiff attached copies of a "Detainee Request to

Facility Employee," dated December 26, 2006, requesting an SF-95 and the proper

address to mail such form and an SF-95 which plaintiff claims to have mailed to the DHS

OIG at 245 Murphy Drive, Building 410, Washington, DC 20526.  Dkt. #22-2, pp.27 & 29.

Plaintiff declares that this address was located on a poster located in the medical area at

the Buffalo Federal Detention Center.  Dkt. #22, p.10.  Plaintiff's notations on the SF-95

indicate that it was mailed on January 1, 2007.  Dkt. #22-2, p.27.

Michael Knorr, Special Agent in Charge of the United States Department of Homeland Security Office of Inspector General ("DHS-OIG"), acknowledges receipt of the SF-95 in an envelope postmarked January 3, 2007.  Dkt. #25, ¶ 4 & Dk.t. #25-2, p.9. Attached to his declaration is a copy of plaintiff's cover letter dated January 1, 2007 which indicates that plaintiff enclosed the SF-95 "as required under 28 U.S.C. § 2675(a), to start an action under 28 U.S.C. 1346(b), 2401(b), [illegible], and/or 1983 civil rights violation." Dkt. #25-2, p.3.  Mr. Knorr declares that after processing and review by the DHS-OIG, the SF-95 was transferred to the United States Department of Homeland Security Immigrations Customs Enforcement Office of Professional Responsibility on March 26, 2007.  Dkt. #25, ¶ 7.

It is clear, therefore, that plaintiff did not file an SF-95 before he filed this lawsuit on June 15, 2006.  Dkt. #1.  An action commenced prior to the exhaustion of administrative remedies must be dismissed as premature.  *McNeil v. United States*, 508 U.S. 106 (1993).  In *McNeil*, plaintiff filed a pro se complaint on March 6, 1989 and submitted a claim for damages to the Department of Health and Human Services on July 7, 1989.  508 U.S. at 107-08.  The United States Supreme Court determined that the text of 28 U.S.C. § 2675(a) was "unambiguous" and that the Court was

> not free to rewrite the statutory text.  As of March 6, 1989, petitioner had neither presented his claim to the Public Health Service, nor had his claim been "finally denied" by that agency.  As the Court of Appeals held, petitioner's complaint was filed too early.

*Id*. at 111.  The Supreme Court then rejected petitioner's argument that the exhaustion of the administrative claim during the pendency of the action was sufficient, stating:

> The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*Id.* at 112.  As plaintiff commenced this action before exhausting his administrative remedies as required by 28 U.S.C. § 2675(a), the Court lacks subject matter jurisdiction to construe this action as a claim against the United States pursuant to the Federal Tort Claims Act.


## CONCLUSION

Based on the foregoing, defendants' motion to dismiss the complaint for lack of subject matter jurisdiction (Dkt. #7), is granted.


**SO ORDERED**.


Dated:      Buffalo, New York
            February 18, 2009

                                           s/ H. Kenneth Schroeder, Jr.
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**

-8-